**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1527

_____

In re: STANLEY J. CATERBONE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 17-cv-05311)
District Judge:  Honorable Edward G. Smith

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 14, 2018

Before:  GREENAWAY, JR., BIBAS and ROTH, Circuit Judges

(Opinion filed:  June 24, 2019)

_____

OPINION[*]

_____

PER CURIAM

Stanley J. Caterbone filed a Chapter 11 bankruptcy petition in the United States

Bankruptcy Court for the Eastern District of Pennsylvania that was dismissed for failure

to pay the requisite filing fees.  He appealed the dismissal to the United States District

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court for the Eastern District of Pennsylvania. The District Court affirmed the dismissal. Caterbone next filed a motion for reconsideration, which the District Court denied. Caterbone then appealed to this Court. We will affirm the District Court's orders.

After Caterbone filed his Chapter 11 petition, he filed an application to have the "Chapter 7" fees waived, pursuant to Rule 1006(c) of the Federal Rules of Bankruptcy Procedure. But the Bankruptcy Court denied the application, properly noting that the provision does not apply to Chapter 11 cases. The Bankruptcy Court, however, set forth an installment payment schedule, allowing Caterbone to pay the filing fee in four installments. Caterbone then filed a motion seeking to pay the fee in $75 installments over 22 months. The District Court again entered an order allowing Caterbone to pay in four installments, but extending the schedule by five days. The District Court explained to Caterbone, at an in-person hearing, that he was required to pay the filing fee within 120 days of filing his bankruptcy petition. Based on Caterbone's objections regarding the timing of his social security payments, the Bankruptcy Court once again revised the order and explained that if Caterbone failed to make the payments, the case would be dismissed. Caterbone stated that he understood.

Caterbone failed to make any payments. The Bankruptcy Court entered an order directing Caterbone to appear and show cause why his petition should not be dismissed. Caterbone did not appear at the hearing, and the Bankruptcy Court dismissed his petition

with prejudice. As noted, Caterbone unsuccessfully appealed to the District Court and now appeals to our Court.

We have jurisdiction pursuant to 28 U.S.C. §§ 158(d)(1) and 1291. Where, as here, the District Court exercised appellate review over a bankruptcy court decision, we apply plenary review. In re Myers, 491 F.3d 120, 124 (3d Cir. 2007).

We agree with the District Court that the Bankruptcy Court did not err in dismissing Caterbone's bankruptcy petition. As the District Court noted, while Rule 1006(b)(2) allows the Chapter 11 filing fee to be paid in installments, it provides that "[t]he number of installments shall not exceed four, and the final installment shall be payable not later than 120 days after filing the petition." Fed. R. Bankr. P. 1006(b)(2). The Rule provides one small exception—the Bankruptcy Court "may extend the time of any installment," if the debtor shows cause, "provided the last installment is paid not later than 180 days after filing the petition." Id. But that is the extent of the leeway allowed by Rule 1006(b)(2), as Rule 9006(b) states that the Bankruptcy Court "may enlarge the time for taking action under Rules 1006(b)(2) . . . only to the extent and under the conditions stated in [that] rule[]." We agree with the District Court that the Bankruptcy Court thus properly limited the payment schedule and did not abuse its discretion in dismissing Caterbone's petition with prejudice when he failed to comply with the Bankruptcy Court's orders.

3

Finally, Caterbone's motion for reconsideration in the District Court did not include any relevant new evidence or new case law that would have supported the District Court's reconsideration of its February 16 decision. The District Court thus did not abuse its discretion in denying Caterbone's motion to reopen. See Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010) (review of order denying motion for reconsideration is for abuse of discretion).

For the foregoing reasons, we will affirm the District Court's orders.[1]

---

[1] Caterbone's Motion to File Exhibit re Litigation Valuation, and his motion to file "Exhibit re Civil/Criminal Conspiracy DVD" are denied as impermissible requests to expand the record. Absent exceptional circumstances that are not present here, "[t]he only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court." See Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 226 (3d Cir. 2009) (internal quotation marks omitted).

4